```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                    :
RENE ROSARIO,                       :
                                    :
         Petitioner,                :    Civ. No. 14-5592 (NLH)
                                    :
    v.                              :    OPINION
                                    :
UNITED STATES OF AMERICA,           :
                                    :
         Respondent.                :
_____ :

APPEARANCES:

Rene Rosario
64817-050
Federal Prison Camp
P.O. Box 2000
Lewisburg, PA 17837

    *Petitioner pro se*

Phillip R. Sellinger, United States Attorney
Diana V. Carrig, Assistant United States Attorney
Office of the U.S. Attorney
401 Market Street
Camden, NJ 08101

    *Counsel for Respondent*

HILLMAN, District Judge

    The Court denied Petitioner Rene Rosario's amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 on September 24, 2018.  ECF No. 41.  He now moves for to file a supplemental pleading under Federal Rule of Civil Procedure 15(d).  ECF No. 42.  For the reasons that follow, the Court will dismiss the motion for lack of jurisdiction.

I.  BACKGROUND

On February 6, 2013, Petitioner pleaded guilty to a one count Information charging him with conspiring to distribute and possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. § 846.  United States v. Rosario, No. 13-cr-0095 (D.N.J.) ("Crim. Case") ECF No. 11, 12, 45.  Petitioner's plea agreement explained the potential penalties from his plea, including the five-year mandatory minimum sentence and forty-year maximum sentence.  Crim. Case No. 12 at 1-2.  In addition, the plea agreement included a stipulation pertaining to the possibility that the Court would find that Rosario was a career offender under U.S.S.G. § 4B1.1 at sentencing.  Id., Sch. A, ¶ 5.  During the guilty plea colloquy, the Court questioned Petitioner about his understanding and acceptance of the plea agreement and concluded that Rosario understood and accepted the plea agreement, and that he knowingly, intelligently, and voluntarily waived his right to proceed to trial.

Before sentencing, the Probation Office determined that based upon Petitioner's three prior drug trafficking convictions, Petitioner qualified as a career offender within the meaning of U.S.S.G. § 4B1.1.  Crim. Case No. 30 at 15. Applying the career offender guideline, Probation determined that Rosario had a total offense level of 31 and a criminal

2

history category of VI, which corresponded to an advisory Guidelines range of 188 to 235 months with a statutory mandatory minimum sentence of five years. Id. at 16.

Petitioner appeared before this Court for sentencing on September 5, 2013. The Court accepted the Probation Department's determination that the career offender provision in U.S.S.G. § 4B1.1 applied to Petitioner and, therefore, his offense level was 31 with Criminal History Category of VI, yielding an advisory range of 188 to 235 months' imprisonment. Crim. Case No. 25 at 9. The Court granted Petitioner a two-level downward variance based upon his lack of a history for violence, his role in the offense, his attempt to cooperate with the Government, his difficult upbringing, his lengthy pre-sentencing incarceration, his role as a father, and his strong family support. Id. at 28.

Within the newly reduced range of 151 to 188 months, which corresponded to an offense level of 29 and Criminal History Category VI, the Court sentenced Petitioner to 168 months' imprisonment and five years of supervised release. Id. at 32-33. See also Crim. Case No. 16. The Court explained that the sentence was necessary to punish Petitioner and deter others from committing serious drug trafficking offenses. The Court also noted the quantity of drugs involved in the transaction and that "[t]his was not a one-shot deal by a couple of amateurs . .

3

. and you did it in a place where people are going about their daily lives, shopping and at a risk because of the danger inherent in this kind of activity in a commercial zone." Crim. Case No. 25 at 30-31. Petitioner filed a direct appeal with the Third Circuit. Crim. Case No. 14; United States v. Rosario, Appeal No. 13-3864 (3d Cir. filed Sept. 30, 2013). The Third Circuit dismissed the appeal at Petitioner's request. Crim. Case No. 21; Rosario, Appeal No. 13-3864 (Feb. 24, 2014).

Petitioner timely filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, ECF No. 1, and thereafter filed an amended motion, ECF No. 11. In the amended petition, Plaintiff alleged that his trial counsel and appellate counsel were ineffective. The Court denied the amended motion and declined to issue a certificate of appealability on September 24, 2018. ECF No. 41.

Petitioner filed a motion to file a supplemental pleading "due to subsequent events related to the claims presented in Petitioner's 28 U.S.C. § 2255 Motion" on December 6, 2019. ECF No. 42 at 4. "The subsequent events relating to Petitioner's § 2255 are in accordance with the Controlled Substance Act and predicate felony drug offense." Id. On April 29, 2020, Petitioner filed a "supplemental pleading to correct and clarify" his motion. ECF No. 42.

4

II.  STANDARD OF REVIEW

Petitioner asserts that his filing is a permissible under Federal Rule of Civil Procedure 15, which allows for the relation-back of amendments and supplemental pleadings.  Fed. R. Civ. P. 15(c)-(d).  Rule 15, however, no longer applies once the Court has adjudicated the motion, in this case Petitioner's § 2255 petition, and entered final judgment.  See Ahmed v. Dragovich, 297 F.3d 201, 207-08 (3d Cir. 2002) ("Although Rule 15 vests the District Court with considerable discretion to permit amendment 'freely ... when justice so requires,' the liberality of the rule is no longer applicable once judgment has been entered.  At that stage, it is Rules 59 and 60 that govern the opening of final judgments." (omission in original) (quoting Fed. R. Civ. P. 15(a))).  Petitioner's § 2255 motion has been ruled upon by this Court, and he did not seek a certificate of appealability from the Third Circuit.  Rule 15 no longer applies to the motion.  In the interests of justice, the Court will consider the motion under Rule 60(b).  Johnson v. Peralta, 599 F. App'x 430, 432-33 (3d Cir. 2015) ("A post-judgment motion seeking to amend a complaint is construed as a motion filed pursuant to Fed. R. Civ. P. 60(b).").

A Rule 60(b) motion is "addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances."  Ross v. Meagan,

5

638 F.2d 646, 648 (3d Cir. 1981).  Rule 60(b) "does not confer upon the district courts a 'standardless residual of discretionary power to set aside judgments.'"  Moolenaar v. Gov. of the Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987).

III. DISCUSSION

The Court must first consider whether this motion is properly brought under Rule 60(b) or whether it is a second or successive § 2255 petition.  The Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") "restrictions on the filing of second or successive habeas petitions make it implausible to believe that Congress wanted Rule 60(b) to operate under full throttle in the habeas context."  Rodwell v. Pepe, 324 F.3d 66, 67 (1st Cir. 2003); accord Pridgen v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004).  "[I]n those instances in which the factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits."  Pridgen, 380 F.3d at 727.  "However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition."  Id.

"A true Rule 60(b) motion 'attacks . . . some defect in the integrity of the federal habeas proceedings.'  These attacks are procedural in nature."  United States v. Doss, No. 20-2773, 2023

6

WL 2783253, at *2 (3d Cir. Apr. 5, 2023) (omission in original) (quoting Gonzalez v. Crosby, 545 U.S. 524, 532 (2005)). Petitioner is not challenging the procedural aspects of his § 2255 proceedings; he is attacking his original sentence. See ECF No. 42 at 4 ("[]Petitioner is asserting plain error in regards to his sentence of 168 months imposed by the above Court."); see also ECF No. 43 at 2 ("This motion is to correct an illegal sentence, vacate my current sentence, and to have Your Honor order a new sentencing hearing.").

Petitioner relies on a Third Circuit opinion that was issued after the Court ruled on his motion, United States v. Aviles, 938 F.3d 503 (3d Cir. 2019), for the proposition that two of his prior convictions cannot "properly serve as predicate felony drug offenses" for the career offender provision. ECF No. 43 at 4. He argues Aviles is "a subsequent event that changed the law and is directly applicable to my case and sentence." Id. at 3. However, a change of law does not convert Petitioner's filing into a permissible motion for reconsideration under the Federal Rules of Civil Procedure. "Rule 60(b) cannot be a vehicle to present new claims for relief based on later changes in substantive law." Doss, 2023 WL 2783253, at *3 (citing Gonzalez, 545 U.S. at 531). AEDPA specifically references and sets forth the procedure by which a prisoner may challenge his conviction on the basis of a "new

7

rule of constitutional law" in §§ 2244(b)(2)(A) and 2255(h)(2). "[A] Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent [AEDPA's] dictate that the only new law on which a successive petition may rely is 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.'" Gonzalez, 545 U.S. at 531-32. Petitioner, like this Court, is bound by AEDPA.

For all of these reasons, Petitioner's "motion to amend" is in reality a second or successive § 2255 petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). This requirement is jurisdictional, Lesko v. Sec'y Pennsylvania Dep't of Corr., 34 F.4th 211, 222 (3d Cir. 2022), and "[l]itigants may not circumvent these requirements by disguising a second or successive motion as something else, like a motion under Rule 60(b)." United States v. Tatar, No. 20-3432, 2022 WL 2763699, at *3 (3d Cir. July 15, 2022). There is no indication that Petitioner has received permission from the Third Circuit to file a second or successive § 2255 motion.

When a second or successive habeas petition is erroneously filed in a district court without the permission of a court of

8

appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." Robinson v. Johnson, 313 F.3d 128, 139 (3d Cir. 2002). The Court declines to transfer the motion to the Third Circuit as it does not appear that Petitioner can meet the requirements of § 2255(h).[1]

IV. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2255. To the extent a certificate of appealability is required, the Court declines to issue one.

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

---

[1] Nothing in this Opinion prevents Petitioner from asking the Third Circuit for permission to file a second or successive motion on his own if he chooses.

9

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of reason would not find it debatable whether this Court's procedural ruling is correct.  Accordingly, this Court will decline to issue a certificate of appealability pursuant to 28 U.S.C. § 2253(c)(2).

V. CONCLUSION

For the reasons expressed herein, the Court will dismiss Petitioner's motion for lack of jurisdiction.  An accompanying Order shall issue.


Dated:  April 19, 2023            s/ Noel L. Hillman
At Camden, New Jersey             NOEL L. HILLMAN
                                  United States District Judge

10